Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/16/2021 09:09 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Ronald J. Palagi, respondent.
___ N.W.2d ___

Filed January 22, 2021.    No. S-20-762.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Ronald J. Palagi, the respondent, on December 11, 2020. The court accepts the respondent's conditional admission and enters an order of public reprimand.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on January 28, 1975. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Omaha, Nebraska.

On October 22, 2020, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. The formal charges consisted of one count. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Fourth Judicial District (Committee).

- 254 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PALAGI
Cite as 308 Neb. 253

The matters alleged in the formal charges were reviewed by the Committee pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). The Committee determined that there are reasonable grounds for discipline of the respondent and that a public interest would be served by the filing of formal charges.

The formal charges generally allege violations stemming from the respondent's failure to challenge an arbitration award within the required timeframe, which ultimately cost his client $46,240. The respondent also had a personal conflict of interest in this case but proceeded to represent the client without first obtaining written consent from the client.

The formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012) and violated Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3-501.3 (diligence), 3-501.7(a)(2) (rev. 2019) (conflict of interest: current clients), and 3-508.4(a) (rev. 2016) (misconduct).

On December 11, 2020, the respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.7(a)(2) (conflict of interest: current clients), and 3-508.4(a) (misconduct) of the professional conduct rules. In the conditional admission, the respondent admits that his conduct violated the identified rules of professional conduct. The respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that the respondent's proposed discipline is appropriate under the facts of this case.

- 255 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PALAGI
Cite as 308 Neb. 253

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that the respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, the respondent violated §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.7(a)(2) (conflict of interest: current clients), and 3-508.4(a) (misconduct) of the professional rules and his oath of office as an attorney licensed to practice law in the State of Nebraska. The respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

- 256 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PALAGI
Cite as 308 Neb. 253

## CONCLUSION

The respondent is publicly reprimanded. If the respondent applies to appear pro hac vice, he must disclose this discipline. The respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of public reprimand.

Papik, J., not participating.